IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CRIM. ACT. NO.  3:16cr17-WKW |
| ) | |
| SANTIAGO LOPEZ-LOPEZ ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The defendant is charged with reentry of an alien after being deported in violation of 8 U.S.C. § 1326(a) and (b)(1).  (Doc. # 11).  Now pending before the court is the defendant's motion to dismiss (doc. # 27) and motion to withdraw guilty plea (doc. # 28) filed on July 5, 2016.  The defendant contends that because the government cannot established that he was convicted of a felony as set forth in the indictment, the court should dismiss the indictment and/or allow him to withdraw his guilty plea.  The court heard oral argument on the motions on July 14, 2016.  Upon careful consideration of the motions, briefs of the parties and oral argument, the court concludes that the motion to dismiss and the motion to withdraw guilty plea are due to be denied.

On February 2, 2016, the United States filed a one count indictment against Lopez-Lopez that accuses him of

> being an alien who was convicted of a felony, to wit: Solicitation to Commit Forgery, for which he was sentenced on or about March 26, 2013, and who subsequently was deported and removed from the United States on or about July 26, 2013, at or near the Phoenix-Mesa Gateway Airport, Arizona, was found thereafter to be voluntarily in the United States without having obtained the express consent of the Secretary of Homeland Security or at Attorney General of the United States to reapply for admission into the United States, in violation of Title 8, United States Code, Section 1326(1) and (b)(1).

(Doc. # 11).

The defendant is charged with reentry of a removed alien. To be convicted, the United States must establish the following elements: (1) that the defendant was an alien at the time stated in the indictment; (2) that the defendant had been deported or removed from the United States; (3) that the defendant knowingly reentered the United States or was found to be voluntarily back in the United States; and (4) that the defendant did not have the consent of the Attorney General or the Secretary of Homeland Security to be in the United States. 8 U.S.C. § 1326(a). Section (b)(1) is the penalty provision applicable if the defendant has a qualifying felony.

The defendant asserts that because the offense charged in the indictment is not a felony, the government cannot establish all the elements of the offense, and thus, the indictment is due to be dismissed. In the alternative, the defendant asserts that he should be permitted to withdraw his guilty plea because he was misunderstood the nature of the underlying offense in that he mistakenly believed the charged offense constituted a felony. The defendant's position is foreclosed by *Almendarez Torres v. United States*, 523 U.S. 224 (1998).

> Subsection (a) of 8 U.S.C. § 1326 defines a crime. It forbids an alien who once was deported to return to the United States without special permission, and it authorizes a prison term of up to, but no more than, two years. Subsection (b)(2) of the same section authorizes a prison term of up to, but no more than, 20 years for "any alien described" in subsection (a), if the initial "deportation was subsequent to a conviction for commission of an aggravated felony." The question before us is whether this latter provision defines a separate crime or simply authorizes an enhanced penalty. If the former, *i.e.,* if it constitutes a

2

>  separate crime, then the Government must write an indictment that mentions the additional element, namely, a prior aggravated felony conviction. If the latter, *i.e.,* if the provision simply authorizes an enhanced sentence when an offender also has an earlier conviction, then the indictment need not mention that fact, for the fact of an earlier conviction is not an element of the present crime.
>
>  We conclude that the subsection is a penalty provision, which simply authorizes a court to increase the sentence for a recidivist. It does not define a separate crime. Consequently, neither the statute nor the Constitution requires the Government to charge the factor that it mentions, an earlier conviction, in the indictment.

*Id.* at 226-227.

Because subsection (b)(1) is merely a penalty provision, and does not constitute an element of the offense, the government need not prove that the underlying offense charged in the indictment is a felony. Consequently, the motion to dismiss is due to be denied.

"A defendant may withdraw his guilty plea before sentencing if he "can show a fair and just reason for requesting the withdrawal." F.R.CRIM.P. (11)(d)(2)(B). *See also United States v. Toussaint*, — F. App'x —, 2015 WL 4978776, at *4 (11th Cir. Aug. 21, 2015) (No. 14-15015). During the change of plea colloquy on March 7, 2016, the defendant admitted that he was a citizen of Guatemala; that he has no authorized legal immigration status in the United States; that he was removed from the United States on July 26, 2013; and that on or before January 10, 2016, he knowingly and voluntarily reentered the United States without the permission of the Secretary of Homeland Security or the Attorney General. *See* Doc. # 26 at 11. The defendant admitted all the necessary elements of the offense. The defendant may argue at sentencing that the underlying offense is not a felony for enhancement

3

purposes. However, that is an issue for sentencing; it is not a reason to withdraw his guilty plea.

Accordingly, for the reasons as stated, it is the RECOMMENDATION of the Magistrate Judge that the defendant's motion to dismiss (doc. # 27) and motion to withdraw guilty plea (doc. # 28) be DENIED. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **July 19, 2016**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 14th day of July, 2016.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE